IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HENRY SHEBITZ, derivatively on behalf of CBL & ASSOCIATES PROPERTIES, INC.<br><br>*Plaintiff*,<br><br>-against-<br><br>STEPHEN D. LEBOVITZ, CHARLES B. LEBOVITZ, FARZANA KHALEEL, GARY L. BRYENTON, A. LARRY CHAPMAN, MATTHEW S. DOMINSKI, JOHN D. GRIFFITH, RICHARD J. LIEB, GARY J. NAY, and KATHLEEN M. NELSON,<br><br>*Defendants*.<br><br>and<br><br>CBL & ASSOCIATES PROPERTIES, INC.,<br><br>*Nominal Defendant.* | Case No. 1:19-cv-00213-JRG-CHS |

## JOINT STIPULATION VOLUNTARILY DISMISSING DERIVATIVE ACTION WITHOUT PREJUDICE

Pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, plaintiff Henry Shebitz ("**Plaintiff**"), defendants Stephen D. Lebovitz, Charles B. Lebovitz, Farzana Khaleel, Gary L. Bryenton, A. Larry Chapman, Matthew S. Dominski, John D. Griffith, Richard J. Lieb, Gary J. Nay, and Kathleen M. Nelson (the "**Individual Defendants**"), and nominal defendant CBL & Associates Properties, Inc. ("**CBL**" or "**Reorganized Debtor**") (together with the Individual Defendants, "**Defendants**"), by and through their respective counsel, respectfully request that the Court enter an Order granting the request to voluntarily dismiss the above-captioned action without prejudice. In support thereof, the parties state as follows:

1

WHEREAS, Plaintiff filed a *Verified Shareholder Derivative Complaint* on July 22, 2019 while attempting to act on behalf of CBL;

WHEREAS, no answer or motion for summary judgment has been filed;

WHEREAS, beginning on November 1, 2020, nominal Defendant CBL (along with its debtor affiliates, the "**Debtors**") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Code**") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) with the Debtors' chapter 11 cases jointly administered under Case Number 20-35226 (DRJ) (the "**Bankruptcy Case**");

WHEREAS, upon filing of the Bankruptcy Case, any derivative claims asserted or assertable against the Debtors became property of the Debtors' bankruptcy estates. *See, e.g., Thornton v. Bernard Tech., Inc.*, 2009 WL 426179, at *3 (Del. Ch. Feb. 20, 2009); *In re The 1031 Tax Group, LLC*, 397 B.R. 670, 680-81 (Bankr. S.D.N.Y. 2008) (holding that breach of fiduciary duty and negligence claims are derivative and belong to the trustee); *Delgado Oil Co. v. Torres*, 785 F.2d 857, 861 n.11 (10th Cir. 1986) ("upon the filing of a petition in bankruptcy, [a shareholder's derivative suit] is property of the estate");

WHEREAS, the Debtors have had exclusive control over the derivative claims, including those asserted by Plaintiff in this lawsuit, and could administer them as part of the Bankruptcy Case;

WHEREAS, pursuant to the terms of the Debtors' *Third Amended Joint Chapter 11 Plan* (the "**Plan**"), which was confirmed by the Bankruptcy Court on August 11, 2021 and subsequently became effective on November 1, 2021, former CBL's publicly traded shares were cancelled, and former CBL stockholders' equity interests ceased to exist, *see* Plan, § 5.4;

WHEREAS, the Plan enjoins Plaintiff from pursuing this action, *see* Plan, § 10.9;

WHEREAS, the Debtors own and have exclusive control over such derivative claims, and they have determined to release the claims against the Individual Defendants, *see* Plan, § 10.2, and dismiss the derivative claims against the Individual Defendants in this action;

WHEREAS, the parties respectfully submit that notice of said dismissal is unnecessary to protect the interests of CBL and its stockholders for the following reasons: (i) former CBL stockholders' equity interests in the Debtors ceased pursuant to the Plan; and (ii) no parties have received nor will receive any consideration for the dismissal.

## RELIEF REQUESTED

NOW THEREFORE, the parties STIPULATE and AGREE and request that the Court enter an Order approving the voluntarily dismissal of this action pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, as follows:

1. The above-captioned action is dismissed without prejudice.
2. For the reasons stated above, notice of said dismissal is not required.
3. Each party shall bear their own costs and fees.

**IT IS SO STIPULATED.**

Dated: November 29, 2021　　　　　　　　　　**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)
835 Georgia Avenue, Suite, 800
Chattanooga, TN 37402
Telephone: (423) 693-2179
Facsimile: (423) 648-7897
Email: sshaw@ehhlaw.com

*Counsel for Defendants*

Timothy Brown
**The Brown Law Firm, P.C.**
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Fax: 516-344-6204
Email: tbrown@thebrownlawfirm.net

Wade B. Cowan
**Davies, Humphreys & Reese**
P.O. Box 50617
Nashville, TN 37205
Telephone: (615) 352-2331
Facsimile: (615) 242-7853
Email: wcowan@dhhrplc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Joint Stipulation Voluntarily Dismissing Derivative Action Without Prejudice* was served on counsel of record via CM/ECF, this 29th day of November, 2021.

**EVANS HARRISON HACKETT PLLC**

By: */s/ Scott M. Shaw*
Scott M. Shaw (TN BPR # 019171)